Filed 8/19/14  P. v. James CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CECILO JAMES,<br><br>    Defendant and Appellant. | E060591<br><br>(Super.Ct.No. FVA07037)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Cecilo James appeals after the trial court denied his petition to recall his three strikes sentence, pursuant to the Three Strikes Reform Act of 2012 (Reform Act) (see Pen. Code, § 1170.126). We affirm.

FACTS AND PROCEDURAL HISTORY

In 1997, defendant was charged by a felony complaint with one count of first degree residential burglary, a serious felony strike offense. The complaint alleged that defendant had suffered four prior strike convictions: rape in 1978; robbery in 1978; robbery in 1985; and first degree residential burglary in 1988. Some of the same felonies were alleged as serious felony enhancements (Pen. Code, § 667, subd. (a)(1)). Defendant was held to answer on the same charge; the information alleged the same four prior strike convictions, plus one additional strike prior, for robbery in 1988. Three serious felony prior convictions were alleged as enhancements. Defendant was apparently found guilty on the current charge (residential burglary), and the prior offense allegations were tried to the jury. The jury found all the prior conviction allegations true. The court sentenced defendant on June 17, 1998, to a three strikes term of 25 years to life, consecutive to a 15-year determinate term (five years each) for the prior serious felony enhancements.

On January 13, 2014, the trial court considered a petition that defendant had filed, seeking recall of his sentence and for resentencing, pursuant to Penal Code section 1170.126. The court's minutes noted that defendant's petition had been misplaced, but reviewed the matter to determine defendant's eligibility for resentencing in the absence of the petition. The trial court found that defendant's current commitment offense (first

2

degree burglary in 1998) was itself a serious felony, so that defendant was statutorily ineligible for resentencing. (Pen. Code, § 1170.126, subd. (e).)

Defendant filed a timely notice of appeal from this ruling.

ANALYSIS

Counsel was appointed to represent defendant on this appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case. Counsel has asked this court to undertake an independent review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental letter brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record, and find no arguable issues.

Appointed appellate counsel has suggested two potentially arguable procedural questions: Is an order denying a petition to recall the sentence under Penal Code section 1170.126 an appealable order? If the order is appealable, is *Wende* review available?

We do not consider these questions because the trial court's ruling was proper in any case. An inmate already serving a three strikes sentence before the enactment of the Reform Act is only eligible for resentencing if the current offense is not defined as a serious or violent felony. Because defendant's burglary was of a residence, it constitutes burglary in the first degree and is thus a "'serious felony'" pursuant to Penal Code

3

section 1192.7, subdivision (c)(18).  (See *People v. Cruz* (1996) 13 Cal.4th 764, 768.)

Accordingly, defendant is ineligible to have his three strikes sentence for burglary

recalled under the terms of the new law.  (See Pen. Code, § 1170.126, subd. (b).)

## DISPOSITION

The order denying defendant's petition to recall his three strikes sentence is

affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

4